UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO J. SERRANO,

    Petitioner,

v.

JEFF MACOMBER,

    Respondent.

Case No. 14-cv-03106-JD

**ORDER FOR PETITIONER TO FILE A RESPONSE**

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As grounds for federal habeas relief, petitioner asserts that there was: (1) insufficient evidence to support aggravated assault due to the lack of evidence to corroborate a witnesses' testimony; (2) insufficient evidence to support active participation in a criminal street gang; and (3) an error in sentencing.

Respondent has filed a motion dismiss because only the first claim in the petition was fully exhausted, thus it is a mixed petition. Petitioner has filed a response requesting that the unexhausted claims be dismissed and the action continue on the exhausted claim that there was insufficient evidence to support aggravated assault due to the lack of evidence to corroborate a witnesses' testimony. However, petitioner also has the option to seek a stay to exhaust the unexhausted claims.[1]

Petitioner may proceed with the one exhausted claim as he indicated or he may file a

---

[1] Before he may challenge either the fact or length of his confinement in a habeas petition in this court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

motion to stay this action pending exhaustion of the unexhausted claims in state court.[2] In *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Rhines*, *supra*, at 277-78.

If petitioner wishes to stay this action, he shall file a motion addressing the *Rhines* factors. In the alternative, petitioner may file a motion for a stay pursuant to the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003)[3] and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing). However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[3] Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71).

## CONCLUSION

Within **fourteen (14) days** of the issuance of this Order, petitioner must inform the Court of which option he intends to follow. If he seeks to stay the case he must file a motion to stay following either the *Rhines* or *Kelly* procedures as described above. If petitioner does not file a response the action will continue on the one exhausted claim.

**IT IS SO ORDERED**.

Dated: March 9, 2015

_____
JAMES DONATO
United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. SERRANO,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFF MACOMBER,<br><br>  Defendant. | Case No.  14-cv-03106-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/9/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco J. Serrano ID: AK7419
CSP-SAC  C-2-226
P.O. Box 290066
Represa, CA 95671


Dated: 3/9/2015

Richard W. Wieking
Clerk, United States District Court


By *[signature]*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO